# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

No. 12-10651
Summary Calendar

Lyle W. Cayce
Clerk

KASSAN KHALID MORGAN, also known as Don-C, also known as K. C.,

Plaintiff-Appellant

v.

RICHARD BARNETT, JR.; ANDREW GREEN; ERIC MILBERN; KAREN DIE; LISA JAMES; JUSTIN ROY,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CV-167

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kassan Khalid Morgan, Texas prisoner # 1306656, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's judgment granting the defendants' motion for summary judgment and dismissing Morgan's 42 U.S.C. § 1983 action. The district court denied Morgan's IFP motion, certifying, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10651

By moving for leave to proceed IFP, Morgan is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His motion must thus "be directed solely to the trial court's reasons for the certification decision." *Id.* To obtain permission to proceed IFP, Morgan must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Morgan does not challenge the district court's determination that his grievance failed to include the information required to provide prison officials with a fair opportunity to address the problems that later formed the basis of his § 1983 action. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Accordingly, he has abandoned any challenge to that determination, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and has thus failed to demonstrate that his "appeal involves legal points arguable on their merits" as to the dismissal of his § 1983 action based on his failure to exhaust. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because Morgan has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of Morgan's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Morgan is cautioned that if he accumulates three strikes under § 1915(g) he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.